UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


SEAN GILMORE,                       )        Case No.: 4:20 CV 308
                                    )
        Plaintiff                   )        JUDGE SOLOMON OLIVER, JR.
                                    )
        v.                          )
                                    )
SGT. BURCH, *et al.*,               )
                                    )        MEMORANDUM OPINION
        Defendants                  )        AND ORDER_____


## I.  INTRODUCTION

This action was removed by Defendants Sgt. Burch and Officer Finney from the Mahoning

County Court of Common Pleas on the basis of the court's original jurisdiction pursuant to 28 U.S.C.

§ 1331.[1]  (ECF No. 1).  In the Complaint filed in state court,[2] Plaintiff alleges that Defendants

violated his rights under the First and Eighth Amendments of the United States Constitution, and

discriminated against him because he is a Black Muslim.  (ECF No. 1-1).  In addition to asserting

---

[1]     Defendants removed this action to federal court on the basis of the court's federal question
jurisdiction, 28 U.S.C. § 1331.  (ECF No. 1).  After removal, Defendants filed an answer.  (ECF
No. 3).  Plaintiff moves to remand this action (ECF No. 5) which was opposed by Defendants
(ECF No. 6).  In seeking remand, Plaintiff argues that state and federal courts have concurrent
jurisdiction over his claims.  However, removal of a § 1983 action is not prohibited simply because
Congress granted concurrent jurisdiction to both state and federal courts.  *See Acuity, a Mut. Ins.
Co. v. YRC Inc*., No. 4:12CV2497, 2013 WL 646218, at *2 (N.D. Ohio Feb. 20, 2013) (collecting
cases).  Plaintiff's motion to remand is denied.

[2]     Pursuant to 28 U.S.C. § 1915(g), Plaintiff may not proceed *in forma pauperis* in federal court.  *See
Gilmore v. Turner, et al.*, NDOH Case No. 3:18-cv-900, ECF No. 5.

claims pursuant to 42 U.S.C. § 1983 that form the bases for the court's federal question jurisdiction, Plaintiff also asserts certain state law claims, such as negligence with respect to his safety and medical care, and the intentional infliction of emotional distress. (*See e.g. id.* at 26 ("Grounds of Tort Action"); *id*. at 28 ("several negligence state and federal violations"); *id*. ("dereliction of duty" (citing Ohio Rev. Code § 2921.44))).

For the reasons that follow, Plaintiff's federal claims are dismissed and his state law claims are remanded to the Mahoning County Court of Common Pleas.

## II. BACKGROUND

Plaintiff is a state prisoner confined at the Northeast Ohio Correctional Center ("NEOCC"). His rambling Complaint totals sixty-two handwritten pages. Plaintiff alleges that Defendants retaliated against him by moving him to D-unit for writing-up a unit manager concerning the handling of his legal mail. (ECF No. 1-1 at 5). Gilmore claims that as a result of his "segregation placement" he had to walk up stairs and fell, sustaining a head injury. Plaintiff also alleges that he is blind in one eye, and has a spinal cord injury and mental health issues, among other ailments, claiming both that he has not received adequate medical care and been denied medical care at NEOCC. (*Id.* at 6).

## III. LAW AND ANALYSIS

### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who

is immune from such relief. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). While the court must construe the pleading in the light most favorable to the plaintiff, *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998), the court is not required to conjure unpleaded facts or construct claims against a defendant on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) also governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Twombly*, 550 U.S. at 564. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 677-78 (quoting Fed. R. Civ. P. 8(a)(2)).

**B. Analysis**

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must allege that a person acting under color of state law deprived him of his rights, privileges, or immunities secured by the Constitution or the laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff's rambling sixty-two page Complaint fails to make a short and plain statement as required by Fed. R. Civ. P. 8(a) showing that he is entitled to relief against Defendants. While *pro se* plaintiffs are held to less stringent standards than pleadings filed by

attorneys, they must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Moreover, while Plaintiff identifies multiple prison personnel and various encounters with them in his lengthy narrative, Burch and Finney are barely mentioned in the Complaint.  To the extent that Plaintiff is alleging that Burch and/or Finney are liable for the conduct of prison officials not named as defendants, and it is well-established that supervisory officials are not liable under a theory of respondeat superior solely for constitutional violations by subordinates. *See Iqbal*, 556 U.S. at 676-77.

Defendants are only liable under § 1983 for their own conduct. *See Frazier v. Michigan*, F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of § 1983 claim under 28 U.S.C. §§ 1915(e) for failure to state a claim against defendants where plaintiff does not allege which of the named defendants were personally responsible for each claimed rights violation).  Courts in the Sixth Circuit have repeatedly recognized that in order to state a plausible § 1983 claim, Plaintiff must set forth factual allegations concerning the specific conduct of each Defendant which Plaintiff claims violated his constitutional rights. *See Kinsey v. Cty. of Lorain*, No. 1:17 CV 24122, 2018 WL 4075878, at *3 (N.D. Ohio Aug. 27, 2018) (collecting cases).  Here, Plaintiff's conclusory claims fail to allege specific conduct on the part of either Defendant from which the court could infer that they are liable for violating his First or Eighth Amendment constitutional rights. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

### First Amendment Retaliation Claim

To state a plausible First Amendment retaliation claim, Plaintiff must allege facts from which

-4-

the court can reasonably infer that: 1) Plaintiff engaged in protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that a causal connection exists between the first two elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). An inmate has a First Amendment right to file grievances against prison officials. *See Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996). To state a plausible claim, Plaintiff must allege not only that he exercised this First Amendment right but also that an adverse action was taken against him motivated, at least in part, by the grievance he filed regarding his legal mail. *See Thaddeus-X*, 175 F.3d at 394. Plaintiff's conclusory allegation that Burch and Finney placed him in "wrongful confinement"[3] is insufficient to support a plausible First Amendment constitutional violation. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). Beyond conclusory statements, Plaintiff does not allege facts from which the court could reasonably infer that Defendants were motivated to change Plaintiff's housing unit because of his grievance concerning legal mail. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (the court is not required to accept unwarranted factual inferences).

Accordingly, Plaintiff fails to state a plausible § 1983 First Amendment claim.

### *Eighth Amendment Deliberate Indifference Claim*

With respect to Plaintiff's claim that he was denied or did not receive adequate medical care, there are no factual allegations from which the court may infer that both the objective and subjective components necessary for an Eighth Amendment deliberate indifference claim have been satisfied. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). That is, the existence of a "sufficiently serious" medical need (objective component), *and* that Burch and Finney were aware of facts from which the

---

[3]     *See* ECF No. 1-1 at 50, 52.

-5-

inference could be drawn that Plaintiff was at a substantial risk of serious harm, actually drew the inference, and disregarded the risk (subjective component). *Id*. at 837. Plaintiff's conclusory claim that he was denied medical care is insufficient to state a plausible § 1983 deliberate indifference claim. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (conclusory statements are insufficient to support a claim for deliberate indifference to a prisoner's serious medical needs) (citations omitted).

Similarly, Plaintiff's claim that he did not receive adequate medical care is insufficient to state an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). "As a general rule, a [prisoner's] disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." *Darrah*, 865 F.3d at 372 (citing among authority *Estelle*, 429 U.S. at 107). Plaintiff's claims that prison officials were negligent[4] or committed malpractice with respect to treatment of his medical conditions do not state a federal claim for deliberate indifference to a prisoner's serious medical need under the Eighth Amendment. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Accordingly, Plaintiff fails to state a plausible § 1983 Eighth Amendment claim.

### Race Discrimination

Plaintiff makes the conclusory claim that he has been discriminated against and "denied" because he is a Black Muslim. *See* ECF No. 1-1 at 12, 57. To state a claim for discrimination under the Equal Protection Clause in the prison context, Plaintiff must allege he was "treated differently than other similarly situated prisoners." *Starr v. Bova*, No. 1:15 CV 126, 2015 WL 4138761, at *2

---

[4]     ECF No. 1-1 at 13.

(N.D. Ohio July 8, 2015) (citing among authority *McCleskey v. Kemp, Supt. Ga. Diagnostic and Class. Center*, 481 U.S. 279, 292-93 (1987)). But there are no allegations in the Complaint that Defendants treated prisoners similarly situated to Plaintiff differently than they treated him. Plaintiff fails to state a plausible § 1983 Equal Protection claim.

### State Law Claims

To the extent that Plaintiff alleges state law claims (*see* ECF No. 1-1 at 13), having dismissed all of Plaintiff's federal claims (the only basis for the court's original subject matter jurisdiction identified in Defendants' Notice of Removal), the court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over those claims, which are better resolved by the Ohio state courts. Generally, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also* 28 U.S.C. § 1367(c)(3)). Therefore, Plaintiff's state law claims are remanded to the Mahoning County Court of Common Pleas. *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 584-85 (6th Cir. 2011) (affirming decision of the district court declining to exercise supplemental jurisdiction and remanding a removed action to state court after dismissing federal claims).

### IV. CONCLUSION

Plaintiff's motion to remand is denied. (ECF No. 5).

For the foregoing reasons, Plaintiff's federal claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Further for the foregoing reasons, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and those claims are REMANDED to the Mahoning

County Court of Common Pleas.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

       IT IS SO ORDERED.

                                           */s/ SOLOMON OLIVER, JR.*
                                           UNITED STATES DISTRICT JUDGE

May 21, 2020